Mr. Justice Johnson
delivered the opinion of the court:
‘ The court have already granted two new trials in this case, and the jury have found a third verdict against the defendants, which, according to the view taken by the court, is directly contrary to the known and established rules of law, and this is a third application to the court, in behalf of the defendants, to bé relieved from this verdict. And the motion is in the first instance for a non suit, and in the event of that motion being refused, for a third new trial.
So far ás relates to the facts of the case, it will be sufficient to remark, that although there was some additional evidence, and perhaps stronger, adduced on this trial, as to the moral obligation of the parties, yet, so far as they concerned their' legal rights, they are precisely the same as those reported in 1 Nott fy McCord, 563. It will therefore only be necessary to give a brief summary of those on which the opinion of the court turns, and that too only with a view to state the question with precision.— The act of Congress prohibiting an intercourse between this country and England, usually called the non-inter *27 course act, was passed on the 2d December, 1809, and the restrictions imposed by it were removed by the proclamation of the President, issued under the authority of the act on the 2d of November, 1810; and on the 10th oLDecember following, the plaintiffs, residing in Charleston, gave an order to the defendants to ship certain wares for them from Liverpool, on which the defendants consented to act. On the 2d of February, 1811, and before the wares were shipped, the non-intercourse was revived and continued in operation until the declaration of war in June, 1812. The wares-were not shipped until the 17th July following, and the Jinna, in which they were shipped, was captured by a privateer and carried into Savannah for condemnation in August or September following; so that the shipment and capture were both during a state of war between the two countries. The act of 2d January, 1813, remitting all penalties and forfeitures between 3d June and 15th September, 1812, followed, and on the defendants interposing their claim, the wares were restored to them. They appropriated them to their own use, and made a great profit on the sale. It is acceded rather on the authority of the case, than on the general doctrine, that the contract entered into by the defendants was binding on them ; but on reviewing that decision, it seems to me that the decision of the court on the question arising under the statute of frauds, was rather an effort to get it out of the way, and to come at the principal question in dispute; and with this accession, the only question now to be decided is, whether the war absolved the defendants from the obligation which this contract imposed ? As authority on this point, it would lie wanting respect to the court not to regard the two decisions which have been already made on this very question, and in this very case, as conclusive; and I think I may safely add that there is not a dictum opposed to it in all the books, and the question now is, whether the court will adhere to that opinion. Great respect is certainly due to the verdict of a jury, and they will always be supported, unless they are op *28 posed to some well known rule of law. When the facts are uncertain, or their interpretation doubtful, it ought to be conclusive; but in this case, the facts, out of which the question grows, are of the plaintiffs own shewing: they all depend on written documents, about the construction of which there is no dispute, and the law applicable to them has been solemnly settled by the court: and. if it were possible that a thousand verdiots could be given, they would still be wrong, and the court must either adhere to its opinion or suffer the juries of the country to bocome the expositors of the law, and the court can have no hesitation in adopting the first of these alternatives. It becomes a question then, whether the court will send th® case back for a new trial, or grant the defendants motion for a non suit ?
I have before remarked, that the facts out of which this question arises, were developed by the evidence adduced on the part of the plaintiff, and the conclusion deduced from them is, that he cannot recover, and the only possible objection to granting the non suit is, that it was not moved for in the court below. As a general rule, this court will, not hear a question which has not been made in the court below, but many exceptions to it have been allowed. One instance has occurred during the present term, in the case of the State vs. Billis, and my senior brethren inform me, that the instances in civil as well as criminal cases, have been frequent, and particularly applications for non suits, where it was evident that the whole case was before the court; as for instance, where the case depended on the construction of a written document, and if there is any case which would justify a departure from the rule, this does. It has been three times tried, and it would be doing injustice to. the plaintiffs to conclude that he had kept back any fact calculated to secure his recover ry, and it is seen that he cannot recover; in mercy therefore to the community, who have been harrassed with such repeated trials of this case, in mercy to the plaintiff himself, and to save him the vexation and expence *29 of what is likely to prove an endless and hopeless scene of litigation, I think the motion for a non suit ought to be granted, and this is the opinion of the court.
Cogdell and Hayne, for the motion,
Hunt and Prioleau, contra.
Justices Colcock, Nott and. Huger, concurred.
Gantt, Justice:
This being a contract between two citizens of the United States, I do not think it was done away dr impaired by any act of the general government. The respective rights of the parties remained to them, and with this view of the law, on the trial of the case, at first, I instructed the jury accordingly, who found for the plaintiff. But the law arising from the facts adduced in evidence having received a different interpretation from the Constitutional Court, and from the report of the presiding judge on the last trial, that the evidence is substantially the same, I can see no benefit which can result to the plaintiff by prosecuting his suit further, as it is not competent for the jury to find against what has been decided to be the established law. For which reason alone, I am induced to concur in the present judgment of the court for a non suit, and which fias been often ruled under similar circumstances.